UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IN RE LAURENE M. MARTINO,

            5:09-CV-0645
      Appellant,  (GTS)

_____

APPEARANCES:           OF COUNSEL:

LAURENE M. MARTINO
 Appellant, *Pro Se*
228 Merrill St. C-1
Syracuse, NY 13208

OFFICE OF CHAPTER 13 TRUSTEE    MARK W. SWIMELAR, ESQ.
250 South Clinton Street
Syracuse, NY 13202

OFFICE OF UNITED STATES TRUSTEE   GUY ANDREW VAN BAALEN
10 Broad Street, Room 105
Utica, NY 13501

HON. GLENN T. SUDDABY, United States District Court Judge

**DECISION and ORDER**

   Currently before the Court in this *pro se* bankruptcy appeal filed by Laurene M. Martino ("Appellant") are a motion for a Temporary Restraining Order ("TRO") and a motion for an extension of the July 6, 2009, deadline by which to fully comply with Federal Rule of Bankruptcy Procedure 8001(a) and 8006. (Dkt. Nos. 3, 4.) For the reasons set forth below, both motions are denied.

**I.  BACKGROUND**

   On March 17, 2009, Appellant's previous Chapter 13 case was dismissed. *In re Martino*, 08-BK-33176 (N.D.N.Y. Bankr.). On that same day, Appellant filed for Chapter 13 protection in the proceeding underlying the current appeal. *In re Martino*, 09-BK-30605 (N.D.N.Y. Bankr.) ("Matter on Appeal"). On April 8, 2009, Appellant filed a motion to pay the Court's filing fee of

$274 in four installments of $68.50 per month, from March 17, 2009, through June 19, 2009. (Matter on Appeal, Dkt. No. 16.)  That same day, the Bankruptcy Court issued an Order denying Appellant's motion to pay the filing fee in installments, and instructing Appellant to pay the outstanding balance of $205.50 by April 17, 2009.  (Matter on Appeal, Dkt. No. 17.)  The Bankruptcy Court stated in its Order that Appellant's failure to timely pay the balance of the filing fee could result in the dismissal of her case without further notice.  (Matter on Appeal, Dkt. No. 17.)

On April 28, 2009, the Bankruptcy Court issued an Order denying Appellant's motion to extend the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(A) because Appellant, who had a case pending within the preceding year that was dismissed, failed to notice her motion to extend the automatic stay within the required 30-day period.  (Matter on Appeal, Dkt. No. 29.)  As a result, the automatic stay was terminated "with respect to the Debtor."  (Matter on Appeal, Dkt. No. 29.)  This means that property that is not part of the bankruptcy estate–i.e., property that the Appellant does not own–such as property leased to Appellant by Rent-A-Center and AARONS Sales and Leasing, does not enjoy the protections set forth in 11 U.S.C. § 362.  *See In re Rice*, 392 B.R. 35, 37-39 (Bankr. W.D.N.Y. 2006) (citing *In re Jones*, 339 B.R. 360, 365 [Bankr. E.D.N.C. 2006]).

On May 4, 2009, Appellant's request to proceed *in forma pauperis* was denied due to Appellant's failure to demonstrate an inability to pay the filing fee.  (Matter on Appeal, Dkt. No. 40.)  (The Docket Sheet in the underlying matter reflects that Appellant has yet to make a payment beyond the initial payment of $68.50, made on March 17, 2009.)  On June 2, 2009, Appellant filed an appeal of this decision with this Court.  (Dkt. No. 1.)  Upon filing the appeal, Appellant also requested injunctive relief in the form of a temporary restraining order ("TRO"),

enjoining creditors Rent-A-Center and AARONS Sales and Leasing from "harassing the [Appellant], and . . . coming into the [Appellant's] home." (Dkt. No. 3.) In her request for relief, Appellant stated that "[u]ntil this Honorable Court hears the matter at bar all Protections of this and the Bankruptcy Court are in place." (*Id*.) Finally, Appellant requested an extension of the 30-day deadline (by which to fully comply with Federal Rules of Bankruptcy Procedure 8001[1] and 8006) established by the Court's Conditional Order of Dismissal of June 4, 2009. (Dkt. No. 4.)

## II.   DISCUSSION

### A.   Appellant's Request for a TRO

The Northern District's Local Rule 7.1(f), which regards Temporary Restraining Orders, states that the "[f]iling procedures and requirements for supporting documents are the same as set forth in [Rule 7] for other motions." N.D.N.Y. L.R. 7.1(f). Local Rule 7.1(a)(1) requires (with limited exceptions not applicable here) that a party filing a motion provide a memorandum of law. N.D.N.Y. L.R. 7.1(a)(1). In addition, Local Rule 7.1(a)(2) requires (with limited exceptions not applicable here) that a party filing a motion provide an affidavit, which contains "factual and procedural background that is relevant to the motion the affidavit supports." N.D.N.Y. L.R. 7.1(a)(2). Here, Appellant's one-page request for a TRO is not accompanied by either an affidavit or a memorandum of law. (Dkt. No. 3.) As a result, Appellant's request for a TRO is denied as procedurally improper.

In the alternative, even if the Court were to look past the procedural deficiencies of Appellant's request for a TRO, the Court would deny that request on the merits. A decision whether or not to lift an automatic stay is left to the discretion of the bankruptcy judge. *See In re Dairy Mart Convenience Stores, Inc*., 351 F.3d 86, 91 (2d Cir. 2003). Here, the Bankruptcy

Court has already lifted the stay with respect to the leased property that Creditors Rent-A-Center and AARONS Sales and Leasing seek to recover.  Because this Court finds (as the Bankruptcy Court found) that Appellant failed to notice her motion to extend the stay within the 30-day period set forth in 11 U.S.C. § 362(c)(3)(A), the Court finds that the Bankruptcy Court's decision to terminate the stay "with respect to the Debtor" was not an abuse of discretion.  As a result, Appellant's motion for a TRO, which is effectively a way of seeking a re-institution of the stay that has already been lifted, is denied on this alternative ground.

      **B.**      **Appellant's Request for an Extension of Time**

Appellant's request for an extension of time is procedurally improper for the reasons discussed above in Part II.A. of this Decision and Order.  In any event, the Court's Order of June 4, 2009, already affords her 30 days in which to fully comply with Federal Rules of Bankruptcy Procedure 8001(a) and 8006.  As a result, Appellant's request for an extension of time is denied.

**ACCORDINGLY**, it is

**ORDERED** that Appellant's motion for a TRO (Dkt. No. 3) is **DENIED**; and it is further

**ORDERED** that Appellant's  motion for an extension of time (Dkt. No. 4) is **DENIED**. Appellant must comply with Federal Rule of Bankruptcy Procedure §§8001(a) and 8006 by 7/4/09 or this appeal will be dismissed.

Dated: June 17, 2009
       Syracuse, New York

                                                          Hon. Glenn T. Suddaby
                                                          U.S. District Judge